UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA PARKINSON : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:08-CV-1892 (JCH) |
| v. : | |
| : | |
| HARTFORD HOSPITAL, ET AL., : | JUNE 18, 2009 |
|     Defendants. : | |
| : | |

**ORDER DENYING MOTION FOR RECONSIDERATION (Doc. No. 44)**

On December 10, 2008, plaintiff Sandra Parkinson brought this action against Hartford Hospital and various individually named doctors. On March 10, 2009, defendant Hartford Hospital filed a Motion to Dismiss (Doc. No. 22). On May 29, 2009, the court dismissed Parkinson's Complaint, granted Hartford Hospital's Motion, and entered judgment for defendants. Parkinson has now filed a Motion for Reconsideration (Doc. No. 44). The court assumes knowledge of the facts and procedural background of this case. See Ruling, Doc. No. 41.

**I.    STANDARD OF REVIEW**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways,

1

Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

II.   ANALYSIS

Parkinson's Motion identifies several grounds for reconsideration, none of which warrant changing the court's decision.  The court will address each one in turn.

First, Parkinson notes that she submitted disclosures to the defendants.  Mot. to Reconsider at 1.  Although Parkinson has referenced making disclosures in several filings, suggesting that she may believe that the court is wrongly refusing to consider her case because of a suggested failure to make disclosures, the court emphasizes that it did not dismiss Parkinson's case due to any suggested failure on her part to make proper disclosures.  As far as the court is concerned, Parkinson was in full compliance with her disclosure and discovery obligations, and the court did not consider any potential lack of disclosure in deciding to dismiss her case.

Second, Parkinson states that she is unemployed and has a limited ability to work, with the result that she has a limited income.  Mot. to Reconsider at 2.  Therefore, she suggests, it is difficult for her to keep up with the filing and mailing costs that accompany litigating a case in federal court.  Id.  Parkinson was granted in forma pauperis status in this case and has not been required to pay any filing or court fees.  Further, the court emphasizes that it did not dismiss Parkinson's case due to a failure

on her part to properly litigate or respond to discovery or any orders of the court. While one submission was returned to Parkinson because the court believed that it should have been filed at the Court of Appeals, see Doc. No. 38, Parkinson's other filings, as reflected on the docket, were fully before the court in its consideration of her Motion to Dismiss. See Doc. Nos. 3, 11, 15, 16, 24, 25, 28, 32, 36, 39, and 40. Therefore, Parkinson has not been prejudiced by any difficulty in keeping up with filing or mailing costs.

Third, Parkinson has again submitted copies of two of the chemical configurations that form the basis of her allegations. Mot. to Reconsider at 3. Parkinson's configurations were before the court in its consideration of the Motion to Dismiss, and the court fully considered them.

In short, Parkinson has not identified any facts or law that the court overlooked in its initial Ruling, any intervening changes in the law, or other basis upon which the court may grant reconsideration. Accordingly, the court DENIES Parkinson's Motion for Reconsideration (Doc. No. 44).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of June, 2009.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

3